

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Mauricio FLORES-Ochoa (D1),<br>and<br>Alexander PESQUEIRA-Alarcon (D2),<br><br>Defendant(s) | Magistrate Case No. __21MJ0578__<br><br><u>COMPLAINT FOR VIOLATION OF:</u><br><br>Title 8, U.S.C., Sec. 1324(a)(2)(B)(iii)<br>Bringing in Unlawful Alien(s)<br>Without Presentation |

The undersigned complainant, being duly sworn, states:

On or about February 12, 2021, within the Southern District of California, Defendants, Mauricio FLORES-Ochoa and Alexander PESQUEIRA-Alarcon, with the intent to violate the immigration laws of the United States, knowingly and in reckless disregard of the fact that aliens, namely, N.H.L and Paulina MORENO-Gonzalez, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Gabriela Acevedo, Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 16th of February 2021.

_____
HON. JILL L. BURKHARDT
UNITED STATES MAGISTRATE JUDGE

## AMENDED PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Gabriela Acevedo, declare under penalty of perjury the following to be true and correct:

The complainant states that N.H.L and Paulina MORENO-Gonzalez, are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material, that is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 12, 2021, at approximately 10:14 P.M, Mauricio FLORES-Ochoa (Defendant, D1) and Alexander PESQUEIRA-Alarcon (Defendant, D2), both United States citizens, applied for admission into the United States from Mexico at the Otay Mesa, California Port of Entry primary vehicle lanes. D1 was the driver and D2 was the passenger and the only visible occupants of a Chevrolet Silverado bearing State of Arizona license plates. Upon inspection before a CBP Officer, D1 presented his Arizona Driver's license as his entry document, made two negative Customs declarations and stated a destination of Arizona. The CBP Officer conducted primary inspection of the vehicle and discovered an individual concealed under the rear seat. CBP Officer radioed for assistant and D1 and D2 were secured and escorted to the security office.

In secondary area of operations, CBP Officers secured the individual concealed under the rear seat. During further inspection of the rear seat a second individual was discovered behind the rear seat. CBP Officers assisted in the removal of the individual behind the rear seat and secured the individual. The individuals, later identified as N.H.L (MW1) and Paulina MORENO-Gonzalez (MW2) were determined to be Mexican citizens without lawful documents to enter or reside in the United States and were held as Material Witnesses (MW).

Probable Cause Statement continued on page 2

Continuation of Probable Cause Statement
RE: U.S. v. Mauricio FLORES-Ochoa et al

At approximately 3:00 A.M, D1 was advised of his Miranda Rights and elected to make a statement. D1 admitted he agreed to the smuggling act and admitted knowledge that he had an individual concealed in his vehicle. Defendant admitted if successful, he would receive a monetary payment of $4,000 US dollars per person for his smuggling services.

At approximately 4:00 A.M, D2 was advised of his Miranda Rights and elected to make a statement. D2 admitted he agreed to the smuggling act and admitted knowledge that he had an individual concealed in his vehicle. Defendant admitted if successful, he would receive a monetary payment of $2,000 US dollars per person for his smuggling services.

Material Witnesses admitted to being a citizens of Mexico, with no legal documents to enter the United States. MW1 stated his brother made the smuggling arraignment and was going to pay 17,000 USD and MW2 stated she made the smuggling arraignment and was going to pay 16,500 USD. Material Witnesses were going to the Santa Maria, California.

Executed on this 16th day of February, 2021 at 7:00 A.M.

_____
Gabriela Acevedo / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) pages, I find probable cause to believe that the defendant named herein committed the offense on February 12, 2021, in violation of Title 8, United States Code, Section 1324.

_____    _____
UNITED STATES MAGISTRATE JUDGE         DATE / TIME

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Officer Neil Kardinaal, declare under penalty of perjury the following to be true and correct:

The complainant states that Neftali HERNANDEZ-Leon and Paulina MORENO-Gonzalez, are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material, that is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 12, 2021, at approximately 10:14 P.M, Mauricio FLORES-Ochoa (Defendant, D1) and Alexander PESQUEIRA-Alarcon (Defendant, D2), both United States citizens, applied for admission into the United States from Mexico at the Otay Mesa, California Port of Entry primary vehicle lanes. D1 was the driver and D2 was the passenger and the only visible occupants of a Chevrolet Silverado bearing State of Arizona license plates. Upon inspection before a CBP Officer, D1 presented his Arizona Driver's license as his entry document, made two negative Customs declarations and stated a destination of Arizona. The CBP Officer conducted primary inspection of the vehicle and discovered an individual concealed under the rear seat. CBP Officer radioed for assistant and D1 and D2 were secured and escorted to the security office.

In secondary area of operations, CBP Officers secured the individual concealed under the rear seat. During further inspection of the rear seat a second individual was discovered behind the rear seat. CBP Officers assisted in the removal of the individual behind the rear seat and secured the individual. The individuals, later identified as Neftali HERNANDEZ-Leon (MW1) and Paulina MORENO-Gonzalez (MW2) were determined to be Mexican citizens without lawful documents to enter or reside in the United States and were held as Material Witnesses (MW).

Probable Cause Statement continued on page 2

Continuation of Probable Cause Statement
RE: U.S. v. Mauricio FLORES-Ochoa and Alexander PESQUEIRA-Alarcon

At approximately 3:00 A.M, D1 was advised of his Miranda Rights and elected to make a statement. D1 admitted he agreed to the smuggling act and admitted knowledge that he had an individual concealed in his vehicle. Defendant admitted if successful, he would receive a monetary payment of $4,000 US dollars per person for his smuggling services.

At approximately 4:00 A.M, D2 was advised of his Miranda Rights and elected to make a statement. D2 admitted he agreed to the smuggling act and admitted knowledge that he had an individual concealed in his vehicle. Defendant admitted if successful, he would receive a monetary payment of $2,000 US dollars per person for his smuggling services.

Material Witnesses admitted to being a citizens of Mexico, with no legal documents to enter the United States. MW1 stated his brother made the smuggling arraignment and was going to pay 17,000 USD and MW2 stated she made the smuggling arraignment and was going to pay 16,500 USD. Material Witnesses were going to the Santa Maria, California.

Executed on this 13th day of February, 2021 at 2:00 P.M.

_____
Neil Kardinaal / CBP CEU Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) pages, I find probable cause to believe that the defendant named herein committed the offense on February 12, 2021, in violation of Title 8, United States Code, Section 1324.

_____
UNITED STATES MAGISTRATE JUDGE

3:32 PM, Feb 13, 2021
DATE / TIME